ISAAC MARKS and others *v.* THE LOUISIANA STATE MARINE AND
FIRE INSURANCE COMPANY.

Plaintiffs, owners of a policy of insurance on freight, finding their port of destination
in a state of blockade, abandoned the voyage, and returned without insisting upon
receiving their freight.   There was a provision in the policy that, "the assured
shall not abandon in consequence of the port of destination being blockaded, but
the vessel shall, in such case, have liberty to proceed to another port not blockaded,
and there end the voyage, or wait a reasonable time for the blockade of the original
port of destination to be raised."   In an action for the amount of the policy : *Held,*
that this clause did not authorize the owners to break up the voyage ; and implied
nothing more than a consent, on the part of the insurers, to take the risk of proceed-
ing to another port, or of waiting a reasonable time for the blockade to be raised.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.
BULLARD, J.   This is an action, upon a policy of insurance, on

freight to be earned by the schooner Dolphin, in a voyage from New Orleans to Matamoras. The plaintiffs allege that the schooner sailed about the 23d of April, 1838, and proceeded with her cargo to Matamoras, where she anchored about the 28th, but was prevented, by a French national brig, from landing her cargo, and compelled to return to New Orleans about the 9th of May. They state that the schooner waited in the port of New Orleans a reasonable time for the raising of the blockade, but that the same still continued at the inception of this suit.

The defendants answer, that, even admitting the schooner was prevented from landing her cargo at Matamoras, by a French armed brig, they cannot be liable, because that port was blockaded by a French naval force, and by the terms of the policy, they (the defendants) are not responsible for any loss or damage occasioned by such an event.

The clause in the policy upon which the defendants rely, is as follows : " The assured shall not abandon in consequence of the port of destination being blockaded, but the vessel shall, in such case, have liberty to proceed to another port not blockaded, and there end the voyage, or wait a reasonable time for the blockade of the original port of destination to be raised."

The facts disclosed on the trial are, substantially, as alleged in the petition. The ports of Mexico on the Gulf were blockaded at the time by an adequate French force, and the schooner was boarded off Matamoras, and forbidden to enter. She thereupon returned to New Orleans. About ten days after her arrival, the cargo was landed, and on the 16th of June, 1838, this action was instituted.

*Durell,* for the plaintiffs.

*L. Janin,* for the appellants. It is evident that the Parish Court, when rendering judgment in this case, had either forgotten the clause in the policy which excepts a blockade from the risks insured against, or that its attention had never been drawn to the clause.

The case of *Vigers* v. *The Ocean Insurance Company,* 12 La. 362, is conclusive on this case. The facts of both cases are, in a great measure, similar. There the decision was against the Company, under that clause of the policy, by which " arrests,

restraints, and detainments of all kings, princes, or people of what nation soever," &c., are insured against. The word "blockade" was not found in any part of the policy; but the court held that a blockade was a "restraint." In this case, on the contrary, we have a positive and clear exception of blockades. "The assured shall not abandon in consequence of the port of destination being blockaded, but the vessel shall, in that case, have the liberty to proceed to another port not blockaded, and there end the voyage, or wait a reasonable time for the blockade of the original port to be raised."

Mr. Eustis, the plaintiff's counsel in the case of *Vigers* v. *The Ocean Insurance Company*, acknowledges in his argument, (12 La. 365,) that if this exception, which is in the policies of several other Insurance Companies of this city, had been in that of the Ocean Insurance Company, Vigers could not have recovered.

BULLARD, J.  The undertaking on the part of the defendants was, that the schooner should earn her freight on a voyage to Matamoras, notwithstanding the ordinary perils of the sea. They did not take the risk of a blockade of the port of destination; but, in that event, the vessel was at liberty to deviate from her direct course, enter another port, and wait a reasonable time for the raising of the blockade. It follows that, if, in consequence of the blockade, the vessel had steered for another port to wait, and had been lost, the underwriters would have been liable, notwithstanding the deviation. But it cannot be fairly concluded from this clause in the policy, that the owners were at liberty to break up the voyage, and give up the cargo to the shippers, from an apprehension that it would be injured by hot weather. They might have insisted upon the payment of their freight, or have waited for the raising of the blockade; for, however deteriorated the cargo may have been on its arrival at the port of destination, the vessel would have earned her freight according to the undertaking of the defendants. The plaintiffs voluntarily put an end to the voyage, without insisting upon receiving their freight.

. If, instead of being on the freight, the insurance had been on the vessel, or the cargo itself, it appears to us clear that the assured would not have had a right, under the circumstances presented by this case, to abandon as for a total loss, and to recover of

the underwriters. The absence of a right to abandon on account of a blockade, excludes the right to recover any loss occasioned by such an event. By permitting the vessel, in such a case, to proceed to a different port, nothing more is implied that a consent, on the part of the insurers, to take the risk of proceeding to another port, and during the detention, for a reasonable time, until the blockade may be raised. If the plaintiffs recover in this case, it can only be on the ground, that the blockade put an end to the voyage; and such liability cannot attach, unless a blockade was one of the perils insured against, which is plainly not the case.

The judgment of the Parish Court is, therefore, avoided and reversed; and ours is for the defendants, with the costs in both courts.